NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANPREET SINGH, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 25-879 Agency No. A215-553-078 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026**
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and LEFKOW,
District Judge.***

Manpreet Singh ("M. Singh") is a native and citizen of Punjab, India. He

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

affirming an order of an Immigration Judge ("IJ") (collectively, the "Agency")

denying his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

§ 1252. "Our review is limited to the BIA's decision, except to the extent that the

IJ's opinion is expressly adopted." *Arizmendi-Medina v. Garland*, 69 F.4th 1043,

1047 (9th Cir. 2023) (citation modified). We review for substantial evidence the

Agency's persecution determination. *See Urias-Orellana v. Bondi*, No. 24-777,

slip op. at 7 (U.S. Mar. 4, 2026). We grant the petition in part, deny it in part, and

remand for further proceedings.

      1.     M. Singh contests the Agency's determination that he failed to

establish that he experienced serious harm rising to the level of persecution. To

determine whether substantial evidence supports the Agency's persecution

determination, we compare the facts of M. Singh's case "with those of similar

cases." *Singh v. Garland* (*A. Singh*), 97 F.4th 597, 603 (9th Cir. 2024) (citation

modified). The facts of M. Singh's case here are "strikingly similar" to those in *A.

Singh*. *Id.* (holding that the record compelled the conclusion that the petitioner

suffered serious harm rising to the level of persecution).

      As in *A. Singh*, four of the five circumstances that we described in *Singh v.

Garland* (*S. Singh*), 57 F.4th 643 (9th Cir. 2023), are present in the instant case, *see

id.* at 653; *see also A. Singh*, 97 F.4th at 604. First, M. Singh was forced to flee his

home and live in hiding after twice being physically assaulted by Bharatiya Janata Party ("BJP") members. *See A. Singh*, 97 F.4th at 604. The beatings caused multiple injuries that required medical care and recovery periods of approximately two weeks. *See id.* at 600–01. Second, during the attack on May 11, 2018, the attackers issued a death threat to M. Singh. *See id.*; *see also Aden v. Wilkinson*, 989 F.3d 1073, 1082 (9th Cir. 2021) ("[W]hen the incidents have involved physical harm *plus something more*, such as credible death threats, we have not hesitated to conclude that the petitioner suffered persecution."). Third, BJP members "harassed [M. Singh's] family to discover [M. Singh's] whereabouts after he left India," *A. Singh*, 97 F.4th at 604, and again threatened to kill him if he returned. Fourth, we have "recognized in multiple cases that Mann Party members have faced persistent harassment, intimidation, threats, and violence in Punjab[.]" *Id.* (citation omitted).

The Government suggests that our recent decision in *Singh v. Bondi* (*B. Singh*), 161 F.4th 560 (9th Cir. 2025), compels us to deny the petition. We disagree. The petitioner in *B. Singh* "lived with his in-laws after only one assault, did not receive death threats, . . . and did not allege that his family faced any harm from BJP members." 161 F.4th at 567. Those facts distinguish *B. Singh* from the case before us now.

We thus conclude that the record here compels the conclusion that M. Singh suffered serious harm rising to the level of persecution. We remand the case to the

Agency to determine whether M. Singh established eligibility for asylum. *See A. Singh*, 97 F.4th at 603–04, 606 n.3.

2. M. Singh does not challenge the Agency's denial of withholding of removal and CAT relief, and he has thus abandoned those claims. *See Quan v. Gonzales*, 428 F.3d 883, 890 (9th Cir. 2005). Accordingly, we deny the petition as to withholding of removal and CAT relief.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED. The parties shall bear their own costs.**[1]

---

[1] The temporary stay of removal (Dkt. No. 2) remains in place until the mandate issues.

25-879